UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   3:10cr6/MCR/CJK
3:11cv426/MCR/CJK

RONALD L. PHARES
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 314, 315).  The Government filed a response (doc. 323) and Defendant filed a reply (doc. 328).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the recommendation of the undersigned that the § 2255 motion should be denied.[1]  *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] An evidentiary hearing originally scheduled on Ground One of Defendant's motion was cancelled after he filed a notice indicating his intent to abandon or withdraw this claim (*see* docs. 341, 342).  None of the other claims warranted a hearing.

## PROCEDURAL BACKGROUND[2]

Defendant was charged in two counts of a four count indictment with conspiracy to manufacture and distribute 500 grams or more of methamphetamine ("Count One") and conspiracy to possess and distribute pseudoephedrine ("Count Two") (doc. 25). Defendant entered a plea pursuant to a written plea agreement and factual summary before United States Magistrate Judge Miles Davis, who recommended that Defendant's guilty plea be accepted (docs. 160–164, 321). The district court accepted Defendant's guilty plea (doc. 166).

The PSR was disclosed to the defense on May 12, 2010 (doc. 183, doc. 323-1). Defendant's total offense level of 36 included a base offense level of 32, a two level adjustment for a coconspirator's possession of a firearm during the conspiracy, and a two level adjustment for obstruction of justice (PSR ¶¶ 80–89). Despite his guilty plea, Defendant did not receive an adjustment for acceptance of responsibility due to his obstructive conduct (PSR ¶¶ 75–77, 86). Defendant had a criminal history category of IV. The statutory term of imprisonment was from 10 years to life on Count One, and there was a statutory maximum term of 20 years imprisonment on Count Two (PSR ¶ 136). The applicable advisory guidelines range was 262 to 327 months (PSR ¶ 137).

Sentencing was initially scheduled for Monday, June 14, 2010, at which time defense counsel moved for a continuance. Counsel indicted that several issues had arisen for which he felt unprepared, including the lack of adjustment for Defendant's

---

[2]Detailed statements of facts describing the offense conduct are set forth in the factual summary in support of the guilty plea (doc. 162) and the PSR (doc. 322, exh. A) and will be set forth herein only as necessary for resolution of Defendant's claims.

acceptance of responsibility and the lack of a substantial assistance motion.[3] Counsel noted more than once that he had become angry or impatient with his client and that he believed the Government had gotten angry with Defendant as well (doc. 310 at 5, 8) . Nonetheless, counsel still believed that Defendant had provided substantial assistance (*id*. at 8).

Sentencing reconvened on August 31, 2010 (doc. 311). At the commencement of the hearing, counsel clarified that he had spoken with Agent Cosey and AUSA Goldberg and did not intend to file a motion related to the Government's decision not to file a substantial assistance motion (doc. 311 at 2). Counsel shared with the court his opinion that his client was a "meth head" due to his use of methamphetamine for over 15 years and that the drug use had affected Defendant's ability to reason (*id*. at 3). Counsel noted his client's evasiveness with law enforcement and his attempt to minimize his behavior but also shared Defendant's efforts at cooperation (*id*. at 4–6). Counsel urged that Defendant's guideline range should be 188–235 months (*id*. at 7). The AUSA outlined Defendant's allegedly obstructive conduct (*id*. at 7–13). Defendant addressed the court to explain his actions and to ask for leniency (*id*. at 13–14).

The court overruled the objection to the obstruction adjustment, but awarded Defendant a two level adjustment for acceptance of responsibility (doc. 311 at 24–25). The applicable advisory guideline range was 210 to 262 months. The court found that Defendant's criminal history category of IV was overstated, and thus

---

[3]Counsel also stated that he had returned from an extended vacation the Friday before the Monday hearing, and that his computer, which he had left with a repair shop before the vacation, was still not ready. He also mentioned that he was having a difficult time due to having lost one of his hearing aids (doc. 310 at 8).

calculated his sentence based on the midpoint of the next lower guidelines range for a sentence of 200 months as opposed to 240 (doc. 311 at 25–26). It noted that this sentence was not a departure but a variance (*id*. at 28). The court advised Defendant of his appellate rights and the proceeding adjourned (*id*. at 28–29).

On January 21, 2011 the court received a Motion for Leave to Grant Out-of-Time direct appeal (doc. 308). In this motion Defendant stated that his attorney failed to submit the appeal as requested, and that Defendant only then became aware of this because he had been in transit within the BOP (*id*.). The court denied the motion, noting that even if it were to find good cause for the motion, the Rules of Appellate Procedure afforded only thirty additional days, which had already expired (doc. 309).

The instant motion was timely filed pursuant to the prison mailbox rule on September 2, 2011 (doc. 314 at 6). After waiving his first ground for relief, three claims of ineffective assistance of counsel and one claim that the Government breached the plea agreement remain. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual

development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id* at 1384–85 (quoting Hill,

474 U.S. at 59). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be

entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. The court had initially determined that an evidentiary hearing was warranted on Ground One of Defendant's motion. However, Defendant moved to withdraw the claim of failure to file a direct appeal (doc. 341) and the hearing was cancelled (doc. 342). No further discussion of Ground One is warranted.

### Ground Two

Defendant contends that counsel failed to investigate the facts of his case and to make use of Eleventh Circuit precedent that would have resulted in a lesser sentence. Specifically, Defendant claims that counsel should have objected to the conclusion in the PSR that each defendant should be held equally accountable for the total amount of methamphetamine involved in the conspiracy because, due to Defendant's limited involvement, he could not have foreseen the total amount of drugs involved. Defendant asserts that his sentence should have been based on an individualized finding, supportable by a preponderance of the evidence, as to drug quantity foreseeable to him. *See United States v. Bacon*, 598 F.3d 772, 777–778 (11th Cir. 2010).

The Government asserts that Defendant's argument is without merit because (1) defendant was held accountable for the drug weight as to which he admitted being involved; and (2) counsel successfully secured a below guidelines sentence. These observations are accurate. In addition, the court notes that the PSR reflects that each defendant was held accountable for the same drug weight because "all of the defendant's (sic) in this case were in some manner contributing to the manufacturing or distribution of methamphetamine during the time period of the conspiracy" (PSR ¶70). Defendant now contends that the real facts of the case show that his involvement in the conspiracy was limited to providing approximately 20 to 30 boxes of pseudoephedrine to other conspirators which would have produced no more than 120 grams of methamphetamine (doc. 315 at 9). Defendant's recollection of the facts minimizes, if not misstates his role in the offense. The PSR reflects that Defendant facilitated the acquisition of pseudoephedrine by means of accepting boxes of pseudoephedrine brought to him by unindicted conspirators in exchange for methamphetamine (PSR ¶48). The pseudoephedrine was later converted to methamphetamine. Defendant also admitted purchasing precursor chemicals for the manufacture of methamphetamine and charging them to his business (*id*.). Defendant provided a place for co-conspirators to cook methamphetamine at least ten times, and these cooks never involved less than four boxes of pseudoephedrine at a time (PSR ¶¶ 49, 50, 59).[4] Defendant received a gram of methamphetamine each time he allowed a "cook" to take place (PSR ¶ 49). Finally, Defendant traded co-conspirator Boyer a .22 caliber pistol for a half gram of methamphetamine (PSR ¶

---

[4] Defendant approached coconspirators and asked them either to not tell law enforcement about these "cooks" or to falsely tell law enforcement that unindicted coconspirators had lied about his involvement (PSR ¶ 54, 63).

47).  His continued attempt to minimize his involvement, despite how dearly he may cling to his own version, is disingenuous.  Having shown no basis for relief on this claim, it should be denied.

Ground Three

Defendant next asserts that counsel rendered ineffective assistance because counsel misinformed him about the consequences of entering a guilty plea.  Defendant's complaint surrounds the sentence he received.  Specifically, he claims he would not have entered the plea but would have exercised his right to trial had he not believed, based on his conversations with counsel, that he would ultimately receive a sentence of less than ten years imprisonment (doc. 315 at 16).

Defendant's assertions are squarely contradicted by the plea colloquy.  As part of the colloquy, the court noted that sometimes, after sentencing, defendants file motions claiming that their lawyers made certain promises to them, and that they would not have pleaded guilty if they had known that was not true (doc. 321 at 18).  It followed up with this exchange:

THE COURT: And you're not going to come back later and tell me or tell the Court that Mr. Murphy promised you a particular sentence.

DEFENDANT PHARES: No, sir.

THE COURT: Or that he had promised you a particular substantial assistance motion?

DEFENDANT PHARES: No, sir.

THE COURT: All right.

DEFENDANT PHARES: He made it clear.

THE COURT: He made that clear?

DEFENDANT PHARES: Yes, sir.

(Doc. 321 at 19).

A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *cf. Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987)); *United States v. Thomas*, 488 F. App'x 440 (11th Cir. 2012) (citing *Gonzalez-Mercado*). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73–74; *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified."); *see also Gonzalez-Mercado,* 808 F.2d at 800 n.8 (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing *Blackledge* and other cases). Defendant is not entitled to relief.

Ground Four

Defendant next asserts that counsel was constitutionally ineffective because he failed to move for a reduction based on Defendant's minor role in the offense. A defendant who played a minor or minimal role in the offense conduct may be entitled to an adjustment pursuant to U.S.S.G. § 3B1.2. The commentary to this guideline makes clear that the determination of mitigating role in the offense "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment (n.3(C)). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010) (citing *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999)); *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (same). The district court must assess all of the facts probative of the defendant's role in his or her relevant conduct in evaluating the defendant's role in the offense. *United States v. Boyd,* 291 F.3d 1274, 1277 (11th Cir. 2002) (quoting *Rodriguez De Varon*, 175 F.3d at 943).

According to application note 5 to § 3B1.2, a "minor participant" is a participant who is less culpable than most other participants. It is entirely possible, however, for conspiracies to exist in which there are no minimal or minor participants, or for which the least culpable participants, for whatever reason, were not indicted. *Rodriguez de Varon*, 175 F.3d at 944. In any event, the fact that a particular defendant may be the least culpable individual among those who are actually named as defendants does not conclusively establish that he performed a minor role in the conspiracy. *United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir. 1991); *United States v. Cacho*, 951 F.2d 308 (11th Cir. 1992); *United States v.*

*Hernandez*, 522 F. App'x 542, 544 (11th Cir. 2013). The court must look to the entire criminal scheme that produced the crime in question and weigh the relative culpability of all participants in that scheme. *Rodriguez de Varon*, 175 F.3d at 944; *United States v. Cataldo*, 171 F.3d 1316, 1319 (11th Cir. 1999).

As noted above, Defendant has consistently tried to downplay his role in the offense conduct, even trying to persuade other conspirators to lie, whether affirmatively or by omission, in support of this position. His conduct included both procuring pseudoephedrine for conversion into methamphetamine, and providing a safe place for coconspirators to cook the methamphetamine. Even if Defendant did not personally cook the methamphetamine, his conduct cannot be said to have been "minor," and counsel was not constitutionally ineffective for his failure to make a meritless objection. *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit). Defendant is not entitled to relief on this ground.

Ground Five

Defendant claims that the Government breached the plea agreement when it failed to recommend a downward departure sentence. Defendant cites to a paragraph of the plea and cooperation agreement in support of his claim that the agreement was breached, but he selectively disregards the first portion of the quoted paragraph. The plea and cooperation agreement provided in pertinent part:

> <u>If, in the sole discretion of the United States Attorney;
> Ronald L. Phares is deemed to have provided substantial</u>

> assistance in the investigation or prosecution of other persons who have committed offenses, if Ronald L. Phares has otherwise complied with all terms of this agreement, and *if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal procedure, then the United States Attorney will file a substantial assistance motion.*

(Doc. 163 at 5 (emphasis added). In his memorandum, Defendant focuses on the italicized portion of the agreement, while disregarding the underlined portion. The agreement also provides that Defendant "agrees to cooperate fully and truthfully" and that this cooperation "shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation" (*id.* at 3).

The decision to file a 5K1 motion is a matter of prosecutorial discretion. *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000); *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998); *United States v. Forney,* 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under § 5K1.1 and 18 U.S.C. § 3553(e)); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying *Wade* to Rule 35(b) motions). Even plea agreements that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499–1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible

motivation, such as race or religion. *Wade*, 504 U.S. at 185–86; *United States v. Dorsey,* 554 F.3d 958, 961 (11th Cir. 2009); *Nealy*, 232 F.3d at 831. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Wade,* 504 U.S. at 186. Furthermore, the Government may properly withhold such a motion if Defendant minimized his role in the offense or attempted to obstruct justice, both of which Defendant has done in this case. *See United States v. Mulero-Algarin*, 535 F.3d 34, 39–40 (1st Cir. 2008) (government may withhold a substantial assistance motion if defendant minimized his role in the offense, even if he belatedly tries to correct his reticency); *United States v. Licona-Lopez*, 163 F.3d 1040, 1044 (8th Cir. 1998) (government may withhold substantial assistance from defendant who has provided substantial assistance but has been untruthful with the authorities while cooperating); *United States v. Hall*, 557 F.3d 15, 22 (1st Cir. 2009) (defendant who attempted to influence another witness' testimony and admitted to not having cooperated truthfully with the government at all times was properly denied substantial assistance). There was no breach of the plea agreement, and Defendant is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted on any of his remaining claims. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 314) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**